# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Benny Ray Roberts,**
**Petitioner Below, Petitioner**

**vs)   No. 16-0120** (Mercer County 16-C-1)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**September 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Benny Ray Roberts, pro se, appeals two orders of the Circuit Court of Mercer County. In the first order, entered January 6, 2016, the circuit court denied petitioner's petition for a writ of habeas corpus. In the second order, entered January 13, 2016, the circuit court denied petitioner's motion for appointment of appellate counsel. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Zachary Aaron Viglianco and Josiah Kollmeyer,[1] filed a response.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Mr. Kollmeyer is a law student certified to practice law under supervision pursuant to Rule 10 of the West Virginia Rules for Admission to the Practice of Law.

[2]On June 10, 2016, respondent also filed a motion to strike petitioner's brief on the ground that it was filed by an inmate legal aide on petitioner's behalf. On June 17, 2016, petitioner filed a response. Upon our review of petitioner's brief, we find that petitioner's signature appears on the last page of the brief and on the certificate of service. Accordingly, we deny respondent's motion to strike.

1

Following a jury trial in October of 2008, petitioner was convicted of first degree murder. The jury made a recommendation of mercy. Accordingly, petitioner was sentenced to a life term of incarceration with the possibility of parole after fifteen years.

Petitioner subsequently filed a petition for a writ of habeas corpus and was provided an omnibus evidentiary hearing on March 2, 2012. At the conclusion of that hearing, the circuit court asked petitioner if there were any additional grounds for relief he wanted to raise:

> THE COURT: . . . Now the, uh, when the . . . after you filed your petition the Court appointed [petitioner's counsel] to represent you he sat down with you and went over a list with you up at the prison, do you remember that?[3]
>
> [PETITIONER]: Yes, sir, but I don't remember what he wrote because I can't read you know that.
>
> THE COURT: I understand you can't read but he went over that list with you. Do you remember that?
>
> [PETITIONER]: Yes, sir.
>
> THE COURT: And when he filled that list out he was discussing these issues with you, is that right?
>
> [PETITIONER]: Yes, sir.
>
> THE COURT: And that's your signature at the end and you ended up signing that. Like I said—
>
> [PETITIONER]: Yeah.
>
> THE COURT: —he read it to you and you signed it?
>
> [PETITIONER]: Yes, sir.
>
> THE COURT: Alright. And that can . . . that contains all the grounds and all the points you want to raise with the Court, is that right?
>
> [PETITIONER]: Yes, sir.

---

[3]Every habeas petitioner fills out a *Losh* checklist of the grounds for relief he or she wants to raise and those grounds he or she wants to waive. *See Losh v. McKenzie*, 166 W.Va. 762, 768-770, 277 S.E.2d 606, 611-12 (1981).

Following the March 2, 2012, hearing, the circuit court denied petitioner habeas relief by order entered on June 6, 2012. Petitioner appealed that order in *Roberts v. Ballard*, No. 12-0782, 2013 WL 2300943, at *2 (W.Va. May 24, 2013) (memorandum decision), and this Court affirmed the denial of that relief.

On January 4, 2016, petitioner filed a second habeas petition alleging that his attorney in *Roberts* was ineffective because there were grounds for relief that petitioner was not aware, of which he contended should have been raised. The circuit court denied the petition by an order entered January 6, 2016. First, the circuit court found that, based on the March 2, 2012, hearing transcript, any issue not raised at that hearing was "knowingly and intelligently waived[.]" Second, the circuit court found that the March 2, 2012, hearing transcript further established that petitioner's attorney discussed the *Losh* checklist with him and that petitioner had the opportunity to articulate "any other possible claims of unfairness or error that may have occurred in the underlying criminal proceedings."[4] (footnote omitted) Accordingly, the circuit court concluded that petitioner's attorney in his first habeas proceeding was not ineffective under the *Strickland/Miller* standard.[5]

Following the denial of his habeas petition, petitioner filed a motion for appointment of appellate counsel. In a January 13, 2016, order, the circuit court denied the motion pursuant to West Virginia Code § 53-4A-4(a) on the ground that any grounds for appeal would lack merit.[6] Petitioner subsequently sought review of the circuit court's orders. On April 19, 2016, petitioner filed a motion to have this Court appoint him appellate counsel. By order entered April 27, 2016, we denied that motion.

We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

---

[4]*See* fn.3, *supra.*

[5]In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5*, State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

[6]West Virginia Code § 53-4A-4(a) constitutes a part of the West Virginia Post-Conviction Habeas Corpus Act, West Virginia Code §§ 53-4A-1-11, and sets forth the standard for determining whether counsel should be appointed.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). In syllabus point four of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), we held, as follows:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: (1) ineffective assistance of counsel at the omnibus habeas corpus hearing; (2) newly discovered evidence; (3) or, a change in the law, favorable to the applicant, which may be applied retroactively.

On appeal, petitioner contends that the circuit court erred in declining to appoint counsel and to hold a hearing prior to its denial of his habeas petition and, subsequently, in denying his motion for appointment of appellate counsel.[7] Respondent counters that petitioner's argument is contrary to well-settled law that neither a hearing nor appointment of counsel is required when a habeas petition is frivolous. We agree with respondent.

In syllabus point one of *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973), we held that a court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointment of counsel "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." *See also* W.Va. Code § 53-4A-3(a) (same). With regard to petitioner's motion for appointment of appellate counsel, West Virginia Code § 53-4A-4(a) similarly provides that "[i]f it is determined that . . . review is being sought or prosecuted in bad faith or the grounds assigned therefor are without merit or are frivolous, the request . . . for the appointment of counsel shall be denied[.]" Based on our review of the hearing transcript from petitioner's first habeas proceeding and the record herein, we find that the record shows to our satisfaction that petitioner is entitled to no habeas relief and that the grounds for his appeal are frivolous.

For the foregoing reasons, we affirm the circuit court's January 6, 2016, order denying petitioner's petition for a writ of habeas corpus and its January 13, 2016, order denying petitioner's motion for appointment of appellate counsel.

Affirmed.

**ISSUED: September 23, 2016**

---

[7]We note that, in asking us to reverse the circuit court's January 13, 2016, order denying his motion for appointment of appellate counsel, petitioner is requesting that we revisit our own prior order.

4

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II